ESTHER E. VOORHEES, complainant,

*v.*

MARTHA L. CHRISTIE and JAMES H. CHRISTIE, her husband, defendants.

[Decided January 2d, 1924.]

Where an old lady, nearly ninety years old, transferred to her niece almost all the property she possessed, and the claim is made that such transfer was made in trust for the niece to collect the income and apply it on the board of the assignor, who lived with the niece; but the niece claimed, after the death of the assignor, that the property was transferred to her in consideration of her support and care of the transferor during her life, the transfer having been made without independent advice, and when the transferor was ill and infirm; *held,* that the property is held in trust and the niece must account therefor.

On pleadings and proofs.

*Mr Henry Smith* and *Mr. Addison P. Rosenkrans,* for the complainant.

*Messrs. Morrison, Lloyd & Morrison,* for the defendants.

LEWIS, V. C.

Mrs. Esther E. Voorhees, a woman nearly ninety years of age, transferred, in September, 1918, to defendant Martha

L. Christie, her niece, mortgages aggregating $6,500 in amount; and, thereafter, a further mortgage for two thousand dollars ($2,000), five hundred dollars ($500) of which appears to have been repaid to Mrs. Voorhees. These mortgages were later sold, or collected, by Mrs. Christie. Mrs. Christie contends that this was done in consideration of her agreement to support and care for Mrs. Voorhees during her lifetime, and that the transfer to her was absolute.

The present complainants, who are the executors of Mrs. Voorhees, contend, on the contrary, that this fund passed to Mrs. Christie in trust to take the income as payment of Mrs. Voorhees' board in Mrs. Christie's home at the agreed rate of $40 per month, and to account for the *corpus* on demand. Whatever the agreement between the parties was or may have been, it was not reduced to writing.

Prior to the death of Mrs. Voorhees she sought to recover from Mrs. Christie the difference between the amount stated and the sum which would be due Mrs. Christie for the board of Mrs. Voorhees referred to, Mrs. Voorhees having ceased to live with Mrs. Christie.

Considerable testimony was adduced upon the hearing in support of the respective contentions of the parties, which it is unnecessary to review in detail. Suffice it to say that, in my opinion, the evidence sustains the view urged by the complainants, namely, that the arrangement between Mrs. Voorhees and Mrs. Christie constituted a trust, and that the transfer to Mrs. Christie was not absolute.

At the time the arrangement was entered into Mrs. Voorhees was extremely ill and was desirous of being cared for by her niece, Mrs. Christie. It is not contended that Mrs. Christie did not give Mrs. Voorhees good care during the period of that illness, but it seems clear to me that, when Mrs. Voorhees recovered sufficiently to care for herself, she no longer required or desired the services of Mrs. Christie in this respect. Her residence with Mrs. Christie thereafter became irksome because of restrictions upon her freedom of action, and which Mrs. Voorhees had hitherto enjoyed; and

after a time Mrs. Voorhees concluded to take up her residence where it would be more congenial.

The bargain which Mrs. Christie contends was made occurred at a time when Mrs. Voorhees was ill and infirm and very aged. Mrs. Voorhees does not appear to have had any efficient independent advice as to the nature and extent of the transfer, whereas Mrs. Christie and her husband, the co-defendant, were both in full possession of their mental faculties, and in a position where it was very easy for them to prevail upon the aged aunt to make such an arrangement as had been referred to.

In view of the fact that the property transferred constituted almost all that Mrs. Voorhees possessed, and that what little remained to her was not of sufficient value to maintain her, and by reason of her early efforts to have the funds repaid to her after she recovered from her incapacity, I am convinced that the contention of the complainants should prevail.

Mrs. Voorhees was very clear in her own testimony to this effect, which was given early in the progress of the case.

She died pending the litigation, and her executors were substituted as parties complainants to continue the suit.

The defendants are entitled to be paid for the period during which Mrs. Voorhees lived with them, at the rate agreed upon. The balance of the fund should be accounted for to the complainants. An accounting will therefore be decreed accordingly. The terms of the decree may be settled upon application of counsel.